# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

LARRY EALY,

        Plaintiff,         :        Case No. 3:06-cv-218

                                         District Judge Thomas M. Rose

     -vs-                       Chief Magistrate Judge Michael R. Merz

                          :

JUDGE DANIEL GEHRES, et al.,

        Defendant.

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

---

       This case is before the Court on Plaintiff's Objections (Doc. No. 5) to the Magistrate Judge's Report and Recommendations, recommending this case be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits the Magistrate Judge to reconsider decisions or reports and recommendations when objections are filed.

       In this case, Plaintiff sued Dayton Municipal Judge Daniel Gehres for issuing a temporary protection order against him without probable cause. He also sued the Montgomery County Jail for failing to provide him with medical treatment needed because of a fall during the time he was in jail after being arrested on the temporary protection order. Finally, he sued the City of Dayton without giving any reason.

       The Magistrate Judge recommended the case be dismissed with prejudice because Judge Gehres, who acted in his judicial capacity according to the Complaint, is immune from liability. Plaintiff apparently accepts this point, for he has moved to dismiss Judge Gehres and that Motion has been granted by a separate notation order.

Dockets.Justia.com

The Magistrate Judge also recommended that the claims against the Montgomery County Jail be dismissed with prejudice as barred by the statute of limitations.  In the Complaint, Mr. Ealy alleges his fall was on June 26, 2004, and he was released from jail on July 1, 2004.  The Complaint in this case was not filed until more than two years later on July 14, 2006.

Mr. Ealy does not dispute that the relevant statute of limitations for his claim against the County Jail is two years as decided in *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(en banc).  What he says is that he "discovered that the prosecution by the city of Dayton on the TPO ended in his favor July 15, 2004 approximately 2 years from the filing of his complaint." (Objections, Doc. No. 5, at 3.)  That does nothing to extend the statute of limitations for a claim against the Montgomery County Jail for failure to provide medical treatment which ended not later than July 1, 2004.  Accordingly, it is again respectfully recommended that the claim against the Montgomery County Jail be dismissed with prejudice as barred by the statute of limitations.

With respect to the issuance of the temporary restraining order and his arrest, Plaintiff appears to be claiming that the TPO and arrest warrant were not supported by probable cause.  In the Complaint, he named the City of Dayton as a defendant and in his Objections he speaks about prosecution of the TPO by the City of Dayton.  However, in his Objections he includes in the caption the "City of Dayton Clerk's Office, Criminal Division."  There is no such entity.  There is a Criminal Division of the Clerk of the Dayton Municipal Court, but the Clerk is not an employee of the City of Dayton.  Instead, he is a separately elected public official and the City of Dayton is not liable on a respondeat superior basis for any of his actions.

Moreover, the Clerk is not personally liable for filing papers and issuing warrants when ordered by a judge of the court he serves.  A clerk of courts is absolutely immune from liability under §1983 *Foster v. Walsh,* 864 F.2d 416 (6th Cir. 1988); *Denman v. Leedy*, 479 F.2d 1097 (6th Cir. 1973).

United States District Court for the Southern District of Ohio
Western Division at Dayton

In any event, the Complaint does not allege the Clerk or his Office did anything unconstitutional.  Instead, Mr. Ealy puts the blame for issuance of the TPO squarely on his former wife, accusing her of having the TPO issued on a bogus domestic violence call.  By his own allegations, it is his ex-wife who caused the prosecution without probable cause, not any entity of the City of Dayton.

Accordingly, as to any claims against the City of Dayton or the Clerk of the Dayton Municipal Court, it is respectfully recommended that the Complaint be dismissed without prejudice for failure to state a claim upon which relief can be granted.

July 31, 2006.

s/ Michael R. Merz
Chief United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

H:\DOCS\Ealy v. Gehres 02.wpd